DECISION OF DISMISSAL
This matter is before the court on Defendant's motion to dismiss (motion) on the ground that Plaintiffs failed to appeal within the 90 days required by ORS 305.280(2).[1]
The appeal involves Plaintiff's' 2005 Oregon amended income tax return, filed in June 2007. Defendant reviewed Plaintiffs' amended return and, by notice dated November 23, 2007, requested additional information; specifically, documentation showing that the IRS accepted Plaintiffs' federal amended return. (Def's Ex A.) Although Plaintiffs responded to Defendant's information request, they did not provide the information Defendant requested. Accordingly, on December 20, 2007, Defendant issued a Notice of Proposed Refund Adjustment. (Def's Ex B.) That notice included an accurate statement of Plaintiffs' appeal rights. (Def's Ex B at 2.) One option was to file a written objection within 30 days of the date of that notice. Plaintiffs filed such an objection January 9, 2008. (Def's Ex C.)
Defendant reviewed Plaintiffs' written objection and, noting that it had still not received the information originally requested, Defendant refused to accept Plaintiffs' amended return. On May 13, 2008, Defendant issued a Notice of Refund Denial to that effect. (Def's Ex D.) That *Page 2 
notice clearly explained that Plaintiffs "ha[d] 90 days from the date of this letter to send a written appeal to the Magistrate Division of the Oregon Tax Court." (Id.)
Plaintiffs promptly responded to Defendant's Notice of Refund Denial. Unfortunately, rather than filing an appeal with the Tax Court, Plaintiffs, on May 20, 2008, sent Defendant another written objection. (Def's Ex E.) Plaintiffs ultimately filed a Complaint with the Tax Court, Magistrate Division, on September 2, 2008 (postmarked August 26, 2008).
An appeal from a refund denial must be filed within 90 days of the date of the notice. ORS 305.280(2)[2] provides:
 "An appeal * * * from any notice of assessment or refund denial issued by the Department of Revenue * * * shall be filed within 90 days after the date of the notice.
Plaintiffs in this case missed the 90-day deadline. Defendant's refund denial notice was issued May 13, 2008. The deadline for appealing from that notice was therefore August 12, 2008. Plaintiffs did not appeal until August 26, 2008. The court is not aware of any circumstances that extend the statutory limit of 90 days. Defendant's motion is granted. Now, therefore, *Page 3 
IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss is allowed. The Complaint is dismissed.
Dated this ____ day of February 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on February 12,2009. The Court filed and entered this document on February 12, 2009.
[1] Defendant's motion to dismiss was included in its Answer filed September 24, 2008, and also in the Amended Answer filed October 7, 2008.
[2] All references to the Oregon Revised Statutes (ORS) are to 2003. *Page 1